# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| **IN RE: LARRY DAVID GRAY and**  **AMANDA PARKER GRAY,** **Debtors.** | **Case No. 04-41406-DOT** **Chapter 7** |
| **ROY M. TERRY, JR.,** **Plaintiff** | |
| v. | **Adv. Proceeding No. 05-03129** |
| **AMERICAN GENERAL FINANCIAL SERVICES OF AMERICA, INC.,** **Defendant.** | |

## MEMORANDUM OPINION AND ORDER

This matter came before the court on the Motion for Summary Judgment filed by defendant American General Financial Services of America, Inc. and the Objection to the Motion filed by plaintiff Roy M. Terry, Jr., the trustee in debtors' chapter 7 case. Arguments were heard on the motion at hearing held January 11, 2006, and the court took the motion under advisement. Upon consideration of the pleadings filed in this matter and the oral argument of the parties at hearing, the court finds there are no genuine issues of material fact in dispute and that defendant is entitled to judgment as a matter of law.

### Facts.

On October 21, 2004, debtors obtained a loan from American General in the amount of $4,813.89, and in exchange gave defendant a promissory note secured by their vehicle. Four days after making the loan, on October 25, 2004, in an effort to perfect its security interest, American General mailed to the Virginia Department of Motor Vehicles an application to have

its lien noted on the certificate of title for the vehicle.[1] The Application for Supplemental Lien or Transfer of Lien was signed by Larry D. Gray on October 21, 2004, and was accompanied by the proper fee in the form of a check for $6.00, dated October 25, 2004, made payable to the DMV for "RECORD LIEN/GRAY JR." This application was received by the Virginia DMV on October 27, 2004, and date stamped upon receipt in the lower right-hand corner. Some time afterwards, the Virginia DMV processed the application and stamped it PAID when the applicant's check was processed.[2] On November 29, 2004, the Virginia DMV issued a certificate of title for the vehicle identifying American General as the sole lien holder. On December 7, 2004, American General received the title from the Virginia DMV. Debtors subsequently filed their chapter 7 case on December 9, 2004. A transcript of the vehicle dated December 9, 2004, lists the lien with American General, noting the "Filing Date" of November 29, 2004.

## Conclusions of Law.

Section 547(b) of the Bankruptcy Code permits a trustee to set aside defined pre-petition transfers of a debtor, generally referred to as preferences. See Lubman v. C.A. Guard Masonry Contractor, Inc. (In re Gem Constr. Corp. of Va.), 262 B.R. 638, 644 (Bankr. E.D. Va. 2000). Property brought back into the estate under this provision is shared by unsecured creditors. Id. The trustee is permitted to "avoid any transfer of an interest of the debtor in property —

(1) to or for the benefit of a creditor;
(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

---

[1] Virginia Code § 46.2-638 requires a security interest to be reflected on the face of the certificate of title for a security interest in a motor vehicle to be perfected.

[2] The precise date applicant's check was processed is unknown, as the "PAID" stamp is partially obscured on the copy of the application provided to the court. As this opinion makes clear, however, the date the application was processed, as well as the date title was issued, is irrelevant for determining the date of creditor's perfection.

   (3) made while the debtor was insolvent;
   (4) made —
     (A) on or within 90 days before the date of the filing of the petition.
     (B) between ninety days and one year before the date of the filing of the
      petition, if such creditor at the time of such transfer was an insider; and
   (5) that enables such creditor to receive more than such creditor would receive if —
     (A) the case were a case under chapter 7 of this title
     (B) the transfer had not been made; and
     (C) such creditor received payment of such debt to the extent provided by the
      provisions of this title."

11 U.S.C. § 547(b).

  However, even if all the elements of § 547(b) are met, the preferential transfer will not be avoided if it falls within an exception under § 547(c). American General argues that the preference claim fails as a matter of law because the transfer at issue satisfies the contemporaneous exchange exception of § 547(c)(1) and may not be avoided. This exception provides that a trustee cannot avoid a transfer consisting of an exchange for new value given to debtor when (i) the debtor and creditor intended the transfer to be a contemporaneous exchange for new value; and (ii) the exchange for new value, in fact, occurred contemporaneously. The trustee responds that summary judgment is inappropriate because an issue of fact exists as to whether the exchange was in fact contemporaneous.

  In order to satisfy the requirement that the exchange occurred contemporaneously in fact, a security interest must be perfected within ten days of its creation. See § 547(e)(2)(A); In re Arnett, 731 F.2d 358, 364 (6th Cir. 1984). In the present case, this determination turns on whether, as a matter of law, perfection occurs on the date the application was received by the DMV with the correct fee, as argued by creditor, or the date the title was issued, as argued by trustee. This court has addressed the issue of when a security interest in a vehicle is perfected, holding that the interest is perfected on the day the title application is filed with the Virginia

DMV.  In re Abruzzese, 252 B.R. 341, 344-45 (Bankr. E.D. Va. 1999).  Abruzzese noted that Virginia's perfection statute, Va. Code § 46.2-638, although ambiguous as to the time of perfection, does not rely on the date of issuance of a certificate of title for perfection purposes.  Consistent with prior case law, the court finds here that American General perfected its security interest on the filing date, October 27, 2004, six days following its creation. As this meets the ten day perfection requirement for an actual contemporaneous exchange, no genuine issue of material fact exists as to whether the transfer satisfies the exception of § 547(c)(1), and summary judgment is appropriate.

    Accordingly,

    **IT IS ORDERED** that defendant's motion for summary judgment is **GRANTED**; and

    **IT IS FURTHER ORDERED** that plaintiff's complaint to avoid preferential transfer is dismissed**.**

Signed this date: _____

    /s/ Douglas O. Tice Jr.
    DOUGLAS O. TICE JR.
    CHIEF JUDGE
    UNITED STATES BANKRUPTCY COURT

**Copies to:**

Douglas Scott
John C. Smith
DurretteBradshaw, P.C.
600 E. Main Street, 20th Floor
Richmond, VA 23219
*Counsel for the Plaintiff*

Tyler P. Brown
Robert S. Westermann
Hunton & Williams LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
*Counsel for the Defendant*